CHARLES H. MEARS and Others v. CARL J. PETRUSCHKE.[1]

June 28, 1907.

Nos. 15,186—(129).

**Sale—Evidence.**

Action to recover for lumber sold and delivered, in which it is *held* that the verdict for the plaintiffs is sustained by the evidence, that the damages awarded are not excessive, and that the rulings of the trial judge as to the admission of evidence were not reversible error.

Action in the district court for St. Louis county to recover $1,144.07 for lumber sold and delivered. The case was tried before Dibell, J., and a jury, which rendered a verdict in favor of plaintiffs for $1,098.02. From a judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Austin N. McGindley,* for appellant.

*Reynolds & McClearn,* for respondents.

START, C. J.

This is an action brought in the district court of the county of St. Louis to recover a balance of $1,144.07 for lumber sold and delivered by the plaintiffs to the defendant. The jury returned a verdict for the plaintiffs in the sum of $1,098.02. The defendant made a motion for a new trial, which was denied, and judgment was entered on the verdict, from which the defendant appealed.

The assignments of error in this court, which are urged in the brief of defendant's counsel, are to the effect that the trial court erred in receiving in evidence certain exhibits, that the verdict is not sustained by the evidence, and that the damages are excessive. All assignments of error not urged in the brief are waived. Dunnell, Minn. Pr. § 1800.

A brief analysis of the pleadings and a reference to the instructions given by the trial court to the jury will aid in the consideration of the assignments of error relied on.

The complaint alleged that between March 22 and May 26, 1906, the plaintiffs sold and delivered to the defendant, at his request, mer-

[1]Reported in 112 N. W. 390.

chandise of the reasonable and agreed value of $1256.04, no part of which had been paid, except the sum of $111.97.

The answer admitted that between the dates mentioned the plaintiffs sold certain merchandise to the defendant, but denied that it was of any greater value than the sum of $650.58, and alleged that he had paid on account thereof $116.97. The answer further alleged that in the month of March he ordered of the plaintiffs a quantity of hemlock lumber, which the plaintiffs assured him should be free from wind shakes; that when it was received by the defendant it was covered with ice, so that its shaky condition was not apparent, and it was some time thereafter before the defendant knew the real condition thereof, but in fact it was full of wind shakes, and not the kind the plaintiffs agreed to send, one-half thereof being practically worthless by reason of the wind shakes therein; that on April 11 defendant ordered from plaintiffs another car of lumber, to be well seasoned and free from shakes, but the plaintiffs sent to the defendant a car of lumber of which 6,300 feet, amounting in value to $123.42, was so full of shakes as to be absolutely worthless, and defendant gave plaintiffs notice of the condition of such lumber, stating that it would be returned to them if they so wished it; and, further, that on May 15 the defendant ordered from plaintiffs another car load of lumber, to be dry and well seasoned and free from shakes, and to be shipped so as to arrive not later than May 22, as it was intended for immediate use for delivery to a contractor to be used by him in the erection of a building, of which the plaintiffs were informed when the order was given; that the lumber arrived sixteen days late, and the defendant was by reason thereof obliged to buy other lumber to substitute in its place; that the lumber received from the plaintiffs was not the kind ordered, was shaky and green, and came too late to be used for the special purpose for which it was ordered, and the defendant refused to accept it, and so notified the plaintiffs; and, further, that the lumber was subject to their orders. The reply put in issue the new matter alleged in the answer.

It is obvious that the defense to the plaintiffs' claim for payment for the lumber sold in March is, construing the allegations liberally, that by its defective condition it was worth only half price; that the defense as to the lumber sold in April was only as to its value; and that as to the lumber ordered by the defendant and sent to him in May the de-

-fense was that it was not the kind of lumber ordered, nor was it sent within the time ordered, and for such reasons the defendant refused to .accept it, and so notified the plaintiffs.

The evidence shows that upon receipt of the March shipment of lumber the defendant advised the plaintiffs that it was all right, except that there was a shortage of eight pieces, of the value of $2.20, which .amount was allowed to the defendant; and the trial court charged the jury that the plaintiffs were entitled to recover $415.10 for this ship- ·ment. No exceptions were taken to this instruction, nor is error assigned in this court as to this or any other instruction of the trial court. The trial court instructed the jury as to the April shipment that the plaintiffs were entitled to recover the reasonable value thereof, which they claimed to be $382.10, but that the defendant claimed it to be much less. The jury were instructed as to the May shipment to the effect ·that the plaintiffs' claim therefor was $458.84, that the defense thereto was that the lumber was not of the kind ordered and agreed upon by the parties, and that the defendant rejected it and refused to accept it, .and so notified the plaintiffs, and, further, that if the jury found that the lumber did not substantially conform to the order therefor, that the defendant rejected it, and within a reasonable time notified the plain- tiffs, then they could not recover for this shipment, but would be enti- ·tled to remove it from defendant's yard.

The instructions were in strict accordance with the issues made by ·the pleadings and the evidence. The jury found, in answer to a special question submitted to them by the court, that the defendant did not have the right to reject the May shipment. A consideration of the evidence has led us to the conclusion that, while it would have sustained .a verdict for the defendant as to the May shipment of lumber, yet the verdict is not so manifestly against the weight of evidence as to justify any interference with the finding of the jury. We therefore hold that the verdict is sustained by the evidence and that the damages :awarded are not excessive.

The remaining assignments of error relate to the admission in evi- ·dence of certain shipping orders, designated in the record as Exhibits Nos. 1, 2, and 3, which were received in evidence over the objections ·of the defendant; but upon further examination of the witness, the :plaintiffs' shipping clerk, the exhibits were on motion of the defendant

stricken out. The defendant himself afterwards introduced in evidence Exhibits Nos. 1 and 2, which respectively relate to the shipments of April and May. Exhibit 3, which was introduced in evidence and then stricken out, related to the March shipment, as to which there can here be no controversy, as already stated. It is clear from the record that there was no reversible error in the rulings of the court with reference to these exhibits.

Judgment affirmed.